**UNITED LIBERTY LIFE INSURANCE COMPANY, Plaintiff,**

v.

**PINNACLE WEST CAPITAL CORPORATION, et al., Defendant.**

Civ. No. C–1–91–037.

United States District Court, S.D. Ohio, W.D.

June 8, 1993.

---

Michael Siegler, and Mariann Yevin, Cincinnati, OH, for plaintiff.

Robert Pitcairn, Jr., Cincinnati, OH, for defendant.

## ORDER

CARL B. RUBIN, District Judge.

This matter is before the Court on remand from the United States Court of Appeals for the Sixth Circuit (case No. 91–3933) 985 F.2d 1320. There are two issues on remand. The first is whether the plaintiff has adequately stated a claim under the Securities Exchange Act of 1934 ("Exchange Act"), thereby conferring jurisdiction under Section 27 of this Act. The second issue is whether venue should be transferred to the United States District Court for the District of Arizona. Subsequent to remand, the second issue has been addressed in defendants' motion to transfer venue (doc. 55), plaintiff's response (doc. 58), and defendants' reply (doc. 60).

For the reasons stated below, this court 1) finds that the plaintiff adequately stated a claim under the Exchange Act and 2) grants the defendants' venue motion.

### FACTUAL BACKGROUND

Defendant Pinnacle West Capital Corporation ("Pinnacle West") is a savings and loan holding company. It is further an Arizona corporation with its principle place of business in Phoenix, Arizona. All other defendants in this action are either directors or officers of Pinnacle West. Each of these officers and directors are residents of Arizona.

Plaintiff United Liberty Life Insurance Company ("United Liberty") is an Ohio corporation and has its principal place of business in Cincinnati, Ohio.

In 1987, United Liberty purchased debentures from MeraBank, an Arizona Savings bank wholly owned by Pinnacle West (at that time known as AZP Group, Inc.). This purchase was made through Pacholder, United Liberty's financial advisor. MeraBank was later placed in receivership by the Office of Thrift Supervision ("OTS"). Consequently, the debentures became worthless.

United Liberty alleges that in purchasing the debentures, it relied on misleading disclosures in the financial statements of Pinnacle West and has brought this action claiming that Pinnacle West is guilty of Racketeer Influenced and Corrupt Organizations Act ("RICO") violations, bond fraud, and consumer fraud under the Arizona Consumer Fraud Act.

In the plaintiff's appeal to the United States Court of Appeals for the Sixth Circuit from this Court's order granting the defendants' motion for summary judgement, the defendants argued that this Court lacked personal jurisdiction over this matter. The Court of Appeals found that if the plaintiff has adequately stated a claim under the Exchange Act, then this Court has personal jurisdiction under Section 27 of this Act.

### PARTIES' CONTENTIONS

The defendants argue that the plaintiff failed to state a claim since the amended complaint did not meet the requirement under Rule 9(b) that averments of fraud be stated with particularity (doc. 8). According to the defendants, sufficient particularity was lacking due to the plaintiff's failure to identify the time, place, and perpetrators of the alleged fraud.

The plaintiff argues that Rule 9(b) must be read in conjunction with Rule 8 which allows notice pleading (doc. 12). When these are read together, the plaintiff contends, a pleading is required only to give notice of the substance of the claim sufficient to allow the defendant to prepare responsive pleadings. The plaintiff states that this requirement was met by facts in the amended complaint detailing the nature, time, place, and manner of the alleged fraud and alleging intent, reliance and injury.

The Court of Appeals has instructed that if the plaintiff is found to have adequately stated a claim under the Securities Exchange Act, the district court has personal jurisdiction and should consider the issue of venue. The defendants argue that venue is improper in the Southern District of Ohio and thus under 28 U.S.C. § 1406(a) should be transferred to the United States District Court for the District of Arizona where venue is proper. They argue that venue is improper in Ohio under Section 27 of the Exchange Act (15 U.S.C. § 78aa), under the venue provision of the RICO Act (18 U.S.C. § 1965(a)), and under the general federal venue provision (28 U.S.C. § 1391).

Venue is improper under these sections, according to the defendants, because the individual defendants inhabit Arizona and have no connection to Ohio; Pinnacle West is not "found" in Ohio and does not conduct business there; and, the only Ohio contact is the presence of Pinnacle West's financial statements in Ohio. Although present in Ohio, these statements were not mailed into Ohio by Pinnacle West.

The plaintiff argues that there were two venue conferring actions in Ohio: 1) dissemination by the defendant of allegedly misleading information, and 2) the plaintiff's purchase of the debentures through Paceholder's Ohio offices.

*FAILURE TO STATE A CLAIM*

■ Rule 9(b) requires that fraud be pled "with particularity." As the plaintiff argues, this Rule must be read in conjunction with Rule 8. *Michaels Bldg. Co. v. Ameritrust Co., N.A.*, 848 F.2d 674, 679 (6th Cir.1988). Rule 8 allows notice pleading which requires that a pleading merely contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.Pro. 8. When harmonized with Rule 8, Rule 9(b) requires that a pleading provide the defendant with notice of the substance of the claim sufficient to alert him to the nature of the claim. *Id.* at 679–80.

The Sixth Circuit has stated that Rule 9(b) allows courts an opportunity to terminate groundless litigation. *Blount Financial Services v. Walter E. Heller & Co.*, 819 F.2d 151, 153 (6th Cir.1987). However, the Sixth Circuit has noted its reluctance to dismiss a claim for failing to plead with particularity as long as the pleading shows that there is a reasonable basis for the claim pled. *Michaels Bldg. Co.*, 848 F.2d at 680.

■ In the case at bar, the plaintiff claims that the defendants violated Section 10(b) of the Securities Exchange Act of 1934 (15 U.S.C. § 78j(b)). This section makes it unlawful to use manipulative or deceptive devices in the sale or purchase of securities. In the amended complaint (doc. 2), the plaintiff identified an allegedly deceptive device used by the defendant. The amended complaint also identified the device's contents and its likely authors.

The device was identified by the plaintiff as the annual financial statements of Pinnacle West. The plaintiff contends that these statements misrepresented a stipulation made by Pinnacle West to the Federal Savings and Loan Insurance Corporation ("FSLIC"). According to the complaint, this stipulation required that Pinnacle West maintain the net worth of MeraBank. The plaintiff further claimed that some or all of the defendants participated in creating or approved the contents of the financial statements.

■ The failure to specifically name those who were involved with the financial statements does not cause the complaint to fail to meet the requirements of Rule 9(b). The rule is relaxed in situations where facts are known only by the defendant. *Id.* at 680.

The facts stated in the complaint are sufficient to provide a reasonable basis for the claim and to alert the defendants of the nature of the claim against them. Therefore, the plaintiff has met the requirements of Rule 9(b) and thus has adequately stated a claim under the Exchange Act. Since such a claim has been stated, this Court has personal jurisdiction under section 27 of the Exchange Act.

## VENUE

Under 28 U.S.C. § 1406(a), a case that has been filed in a district where venue is improper may be dismissed or may be transferred to a district where it could have been brought originally. The plaintiff argues that venue is proper in the Southern District of Ohio under Section 27 of the Exchange Act (15 U.S.C. § 78aa). Venue is improper, however, under this section and under both 28 U.S.C. § 1391 and 18 U.S.C. § 1965(a).

### 28 U.S.C. § 1391

■ In a case in which jurisdiction is not based solely on diversity of citizenship, venue is proper in a district 1) "where any defendant resides, if all defendants reside in the same state," 2) "in which a substantial part of the events or omissions giving rise to the claim occurred," or 3) "in which any defendant may be found, if there is not a district in which the action may otherwise be brought." 28 U.S.C. § 1391. Venue is improper in Ohio under the first and third prongs of Section 1391; none of the defendants reside in Ohio nor can they be "found" there. All of the defendant officers and directors reside in Arizona. Further, Pinnacle West is an Arizona Corporation with its principal place of business in Phoenix, Arizona. Pinnacle West does not have offices nor does it conduct business in Ohio.

■ The second prong of Section 1391 as quoted above has not yet been construed by the Sixth Circuit. This prong is the result of a 1990 amendment that was intended to clarify the previous language of the statute. The

previous language stated that venue was proper in any district "in which the claim arose." The unamended version has been construed by the Sixth Circuit to confer venue in any district where a substantial part of the acts or omissions giving rise to the claim occurred. *Onderik v. Morgan*, 897 F.2d 204, 207 (6th Cir.1989). This construction is almost identical to the amended version of the statute; thus, the construction is appropriate under the amended version.

■ Since the claim in this case is based on alleged misrepresentations in the financial statements of Pinnacle West, the district where venue is appropriate depends upon whether the act giving rise to the claim was the creation of the financial statements in Arizona or the receipt of them in Ohio. In a similar factual situation, the Supreme Court of the United States found that the acts that gave rise to the claim were the creation and sending of documents, not the receipt of them. *See Leroy v. Great Western United Corp.*, 443 U.S. 173, 185–86, 99 S.Ct. 2710, 2717–18, 61 L.Ed.2d 464 (1978).

In *Leroy v. Great Western United Corporation*, (citation omitted), the Supreme Court addressed whether an Idaho law that prevented the plaintiff from making a tender offer to purchase stock in a corporation located in Idaho was unconstitutional. The plaintiff in *Leroy* was located in Texas. The tender offer by the plaintiff was made from Texas and the statute affected the defendant in Texas. Nonetheless, the Court found that the acts that gave rise to the claim were 1) the creation of the statute in Idaho and 2) the sending of documents from Idaho to the defendant (these documents concerned the statute).

The court further found that if venue were conferred simply by making a tender offer to purchase stock, then the defendant would be subject to venue in any district from which such a tender offer was made. The Court found that such a result would be contrary to the purpose of Section 1391. Accordingly, the purpose of Section 1391 is to ensure that the plaintiff does not select a venue that is unfair or inconvenient to the defendant.

Just as the statute and the documents concerning the statute originated in Idaho in *Leroy*, the financial statements of Pinnacle West originated in Arizona. Thus, just as the act giving rise to the claim in *Leroy* occurred in Idaho, the act giving rise to the plaintiff's claim here occurred in Arizona. Following the Supreme Court's holding that an offering from a certain district to purchase stock in that district does not confer venue, purchasing debentures in Ohio does not confer venue in Ohio. For these reasons, venue in Ohio is improper under the second prong as well as the first and third prongs of section 1391(b).

*15 U.S.C. § 78aa (Section 27 of the Exchange Act) and 18 U.S.C. § 1965(a)*

■ Under 15 U.S.C. § 78aa, venue is proper over claims involving an alleged violation of the Exchange Act in districts "wherein the defendant is found or is an inhabitant or transacts business." 15 U.S.C. § 78aa. Further, venue is proper over a claim that an individual has violated RICO in districts "in which such person resides, is found, has an agent, or transacts his affairs." 18 U.S.C. § 1965(a). None of the defendants have agents in Ohio, and, as discussed above, the defendants inhabit, are found, and transact business in Arizona, not Ohio. Therefore, under both 15 U.S.C. § 78aa and 18 U.S.C. § 1965(a) venue is improper in Ohio.

*Transfer of venue*

■ Whether a case that has been brought in a district where venue is improper should be dismissed or transferred is within the discretion of the district court. *Nation v. United States Government* 512 F.Supp. 121, 126 (S.D.Ohio 1981); 1 *Moore's Federal Practice* ¶ 0.146[5]. However, doubts are usually resolved in favor of transferring the action since the interest of justice is generally better served by transfer than by dismissal. *Nation*, 512 F.Supp. at 126. Thus, this action should be transferred to the District Court for the District of Arizona where venue is proper and where the action could have been brought originally.

For the foregoing reasons, this court holds that the plaintiff properly stated a claim under Section 27 of the Securities Exchange Act of 1934, and this Court GRANTS defen-

dants' motion to transfer venue to the District Court for the District of Arizona.

IT IS SO ORDERED.