**MEDQUIST MRC, INC., Plaintiff,**

v.

**John H. DAYANI, et al., Defendants.**

No. 1:99 CV 2010.

United States District Court,
N.D. Ohio,
Eastern Division.

Nov. 30, 1999.

**126**

Joseph A. Castrodale, Cleveland, OH, Jonathan M. Korn, Cherry Hills, NJ, for plaintiff.

Steven J. Miller, Cleveland, OH, Mark Herrmann, Cleveland, OH, Wallace W. Dietz, Nashville, TN, for defendant.

### ORDER

OLIVER, District Judge.

Pending before the court is the Motion to Dismiss or to Transfer Venue of Defendant John H. Dayani (Doc. No. 8), joined by Defendant Network Health Services, Inc. (Doc. No. 10). Because venue is not proper in the Northern District of Ohio, Defendants' Motion to Dismiss or to Transfer Venue is granted, and the above-captioned case transferred to the Middle District of Tennessee, where venue properly lies.

### I. FACTS

Plaintiff MedQuist MRC, Inc. ("MedQuist") is a Missouri corporation with its principal place of business in New Jersey. MedQuist's principal place of business was formerly located in Cleveland, Ohio, and MedQuist maintains offices in several cities within the state of Ohio. Defendant John H. Dayani ("Dayani") is an individual residing in Brentwood, Tennessee. Defendant Network Health Services, Inc. ("NHS") is a Tennessee Corporation with its principal place of business in Brentwood, Tennessee.

On August 20, 1999, MedQuist brought the instant action against Dayani and NHS in the Northern District of Ohio, claiming breach of fiduciary duty and tortious interference with prospective economic advantage. Specifically, MedQuist alleges that Dayani, formerly a director of MedQuist's predecessor, formed NHS while still a director, in breach of his fiduciary duty of loyalty to MedQuist.

On October 13, 1999, Dayani filed the instant Motion to Dismiss or to Transfer Venue. Dayani moves, pursuant to 28 U.S.C. § 1406(a) for an order dismissing or transferring the action based on improper venue in this court. Alternatively, Dayani moves, pursuant to 28 U.S.C. § 1404(a), for an order transferring this action to the United States District Court for the Middle District of Tennessee on the grounds of inconvenient forum. Defendant NHS has joined in Dayani's Motion.

In response, MedQuist asserts that venue is proper in the Northern District of Ohio for the following reasons: (1) MedQuist maintains operations in Cleveland, Ohio, as well as in other Ohio cities; (2) Dayani regularly attended Board of Director meetings in Cleveland, Ohio; (3) the majority of MedQuist's records remain in Cleveland, Ohio; (4) NHS has attempted, through the operation of an Internet web site, to attract employees and customers from the Northern District of Ohio; and (5) a number of former officers and directors remain in Cleveland, Ohio.

### II. LAW AND ANALYSIS

Defendants seek dismissal or transfer of venue pursuant to 28 U.S.C. § 1406(a), which provides:

The district court of a district in which is filed a case laying venue in the wrong

division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

28 U.S.C. § 1406(a). In cases where jurisdiction is founded only on diversity of citizenship, an action may be brought only in one of the following:

(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a). "[T]he purpose of Section 1391 is to ensure that the plaintiff does not select a venue that is unfair or inconvenient to the defendant." *United Liberty Life Ins. Co. v. Pinnacle West Capital Corp.*, 149 F.R.D. 558, 562 (S.D.Ohio 1993).

It is undisputed that Dayani is a resident of Brentwood, Tennessee, and NHS is a Tennessee corporation, with its principle place of business in Brentwood. Because both defendants reside in Tennessee, rather than in the Northern District of Ohio, it is clear that 28 U.S.C. § 1391(a)(1) does not apply. Moreover, because both defendants reside in Brentwood, which is a suburb of Nashville, Tennessee, proper venue would lie in the Middle District of Tennessee. Because the action could have been brought in another district, 28 U.S.C. § 1391(a)(3) does not apply. The remaining question, then, is whether a "substantial part of the events or omissions giving rise to the claim occurred" within the Northern District of Ohio, as required by 28 U.S.C. § 1391(a)(2).

■ Once venue is challenged by a defendant, plaintiff has the burden of proof to establish that venue is proper in the district in which the claim has been brought. *Bacik v. Peek*, 888 F.Supp. 1405, 1412 (N.D.Ohio 1993). Under 28 U.S.C. § 1391(a)(2), plaintiff must show that its action has been brought in "a judicial district in which a substantial part of the events ... giving rise to the claim occurred." *See also, First of Michigan Corp. v. Bramlet*, 141 F.3d 260, 263 (6th Cir.1998). The court recognizes that plaintiff is not required to show that it has chosen the "best" venue. *Id.* Rather, the court's inquiry must be whether plaintiff has chosen *any* forum with a substantial connection to the claim, regardless of whether other forums exist with greater contacts. *Id.*

■ For proper venue to lie in the Northern District of Ohio, MedQuist must show that a substantial part of the events giving rise to its claims occurred in the Northern District of Ohio. Based upon its allegations, MedQuist has not satisfied the "substantial part" test. MedQuist alleges that it maintains offices in several Ohio cities, including Cleveland, that the majority of its records are maintained in Cleveland, and that a number of its former officers and directors reside in Cleveland. These allegations do not in any way establish that a substantial part of the events giving rise to MedQuist's claims occurred in the Northern District of Ohio.

MedQuist also points out the undisputed fact that Dayani regularly attended Board of Director meetings in Cleveland. However, MedQuist has not shown how the attendance of such meetings can be considered an event which gave rise to the alleged breach of fiduciary duty or the alleged tortious interference with prospective economic advantage.

■ Finally, MedQuist alleges that NHS has operated an Internet web site which attempts to attract employees and customers from the Northern District of Ohio. MedQuist cites *IA, Inc. v. Thermacell Technologies, Inc.*, 983 F.Supp. 697, 700 (E.D.Mich. 1997) for the proposition that venue may be deemed proper based upon an Internet web site. However, in *Thermacell*, plaintiff brought an action under the Lanham Act, alleging the "passing off" of its product. *Id.* at 699. The plaintiff alleged that the passing off itself was accomplished through use of the web site. *Id.* at 701. Thus, in that case, use of the web site *was* the event which gave rise to the claim. See *United Liberty Life Ins. Co. v. Pinnacle West Capital Corp.*, 149

F.R.D. 558 (S.D.Ohio 1993) (holding that in a case involving alleged fraud under the Securities and Exchange Act, the Act giving rise to the claim for venue purposes was the creation of the financial statements in Arizona, not the receipt of them in Ohio). Contrarily, in the case at bar, the event which allegedly gave rise to MedQuist's claims was the formation and operation of NHS by Dayani out of Tennessee in breach of his fiduciary duties. NHS's operation of a web site from Tennessee which was accessible to residents of this district was not a part of that event, and therefore does not constitute a "substantial part" of the events which gave rise to MedQuist's claim.

█ MedQuist cannot show that proper venue lies in the Northern District of Ohio under 28 U.S.C. § 1391(a). However, based upon the residence of both defendants in Brentwood, Tennessee, proper venue would lie in the Middle District of Tennessee. The decision of whether to dismiss or transfer a case where venue is improper lies within the court's discretion. *First of Michigan Corp.*, 141 F.3d at 262. Therefore, rather than dismiss the instant action for improper venue, this court transfers the action to the Middle District of Tennessee.

Because this court has elected to transfer venue based upon improper venue, we need not address Defendants' alternative motion for transfer based on inconvenient forum.

### III. CONCLUSION

For the foregoing reasons, MedQuist has not met its burden of proving that proper venue lies in the Northern District of Ohio. Accordingly, Defendant Dayani's Motion to Dismiss or to Transfer Venue (Doc. No. 8), joined by Defendant Network Health Services, Inc. (Doc. No. 10), is granted, and the above-captioned case is transferred to the Middle District of Tennessee.

IT IS SO ORDERED.