**GCG AUSTIN, LTD., Plaintiffs,**

v.

**CITY OF SPRINGBORO, OHIO, et al., Defendants.**

No. C–3–03–53.

United States District Court, S.D. Ohio, Western Division.

Sept. 30, 2003.

Bruce Leroy Ingram, Joseph R. Miller, Richard Donovan Schuster, Vorys, Sater, Seymour & Pease, Columbus, OH, Thomas Patrick Whelley, II, Chernesky, Heyman & Kress, Dayton, OH, for Plaintiffs.

James J. Englert, Wilson G. Weisenfelder, Jr., Rendigs, Fry, Kiely & Dennis, Rhonda S. Frey, Manley Burke, Timothy Michael Burke, Manley, Burke, Lipton & Cook, Cincinnati, OH, for Defendants.

---

DECISION AND ENTRY SUSTAINING DEFENDANTS' MOTION FOR CHANGE OF VENUE AND TO TRANSFER (DOC. # 6); CAPTIONED CAUSE IS TRANSFERRED TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO, WESTERN DIVISION, AT CINCINNATI; TERMINATION ENTRY

RICE, Chief Judge.

Plaintiffs GCG Austin, Ltd., Wooster Associates, and Victory 4, LLC (collectively, "Plaintiffs") are owners of fifty-four (54) acres of vacant land in Springboro, Ohio, located at the intersection of State Route 741 and Miamisburg–Springboro Pike/Austin Road ("the Property"), which they purchased in 2002 (Compl. ¶¶ 8, 15).[1] The Property is located within a larger 249.142 acre development, known as South Tech Business Park ("South Tech"). (*Id.* ¶ 9). In 1997, South Tech was annexed into Springboro and, on March 6, 1997, it was rezoned from "light industrial" and "rural residential" to "PUD (Planned Unit Development)," pursuant to Chapter 1272 of the Springboro Zoning Code. Section 1272.03 of the 1997 Zoning Code provided that "[a]ny use permitted in any city zoning district may be permitted in a PUD ..." (*Id.* ¶ 11). In 1997, the Springboro City Counsel approved a general plan for development for South Tech Business Park, which was submitted by Danis Properties Co., Inc. In accordance with that general plan, approximately 25% of South Tech has been improved, and the remainder is vacant and for sale as building lots by Danis.

Plaintiffs purchased the Property from Danis in 2002, with knowledge of the PUD zoning classification and with the intent to build structures to house a Wal–Mart Supercenter and a Kohl's department store.

On January 17, 2002, the Springboro City Council passed Ordinance No. O–02–4, which reported to repeal and replace the prior PUD ordinance. The Ordinance requires that, in the future, all applications for PUDs must be established with specific land use restrictions, such as "business," "office," "residential," or "mixed use." On May 30, 2002, Plaintiffs submitted an amendment to the general plan for South Tech, as requested by representatives of the City. Plaintiffs allege that, despite conforming to the zoning code, the Planning Commission unanimously voted on December 11, 2002, to recommend to the City Council that the plan submitted by Plaintiffs not be approved (*id.* ¶ 20).

In response to the City's actions, on February 14, 2003, Plaintiffs initiated the instant litigation in this Court against the City of Springboro, the Springboro City Council, and the Springboro Planning Commission, setting forth four claims for relief, to wit: (1) a request for a declaratory judgment that Defendants' refusal to approve Plaintiffs' plan violated their equal protection and due process rights under the United States Constitution and that the zoning code is unconstitutional under the Due Process Clause (Count One); (2) a request for a declaratory judgment that Plaintiffs' are entitled to the approval of their plan by the Planning Commission (Count Two); (3) a claim that the refusal to approve Plaintiffs' plan constitutes a taking, in violation of the Fifth Amendment to the United States Constitution; and (4) a state law promissory estoppel claim.

Pending before the Court is Defendants' Motion for Change of Venue, pursuant to 28 U.S.C. § 1391 and § 1404, and Local Rule 82.1, and to Transfer to the Southern District of Ohio, Western Division, at Cincinnati (Doc. # 6). For the reasons as-

1. The following facts are taken from Plaintiffs' Complaint (Doc. # 1).

signed, Defendants' Motion is SUSTAINED.

Plaintiffs bear the burden of establishing that venue is proper once an objection to venue has been raised, and must demonstrate that venue is proper for each claim asserted in their complaint. *Astor Holdings, Inc. v. Roski*, 2002 WL 72936, *8 (S.D.N.Y. Jan.17, 2002); Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 2d § 3808. The general venue provision is set forth in 28 U.S.C. § 1391, which provides, in pertinent part:

(b) A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

(c) For purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. In a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.

"[T]he purpose of Section 1391 is to ensure that the plaintiff does not select a venue that is unfair or inconvenient to the defendant." *United Liberty Life Ins. Co. v. Pinnacle West Capital Corp.*, 149 F.R.D. 558, 562 (S.D.Ohio 1993). The parties do not dispute that venue is proper in the Southern District of Ohio, Western Division. Rather, they disagree on whether this action is properly brought in Dayton rather than in Cincinnati.

Venue within this district is governed by local rule. Local Rule 82.1 provides, in pertinent part:

(b) **Location of Court.** For venue purposes, the area served by each location of court consists of the following counties: ...

**Western Division:** *Cincinnati:* Adams, Brown, Butler, Clermont, Clinton, Hamilton, Highland, Lawrences, Scioto and Warren; *Dayton:* Champaign, Clark, Darke, Greene, Miami, Montgomery, Preble and Shelby.

(c) **Resident Defendant(s).** An action against a defendant or defendants resident in this district shall be filed at the location of court which embraces a county in which at least one defendant resides.

(e) **Nonresident Defendant(s).** If no defendant is a resident of this district, an action shall be filed at the location of court embracing a county in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated.

Loc. R. 82.1 (Sept. 1, 2003). Defendants assert that Cincinnati is the proper venue for this action, because the City of Springboro is located in Warren County, which, pursuant to Local Rule 82.1, is served by the Western Division at Cincinnati. De-

fendants argue that this Court may transfer the action to Cincinnati, pursuant to 28 U.S.C. § 1404. Plaintiffs respond by noting that Springboro, Ohio, is located in both Warren County and Montgomery County, thereby suggesting that it may be sued in either county or, more to the point, in the federal court serving either county. They further emphasize that the Property is located in Montgomery County. Plaintiffs therefore argue that, because Montgomery County is served by this Court, venue herein is proper.

Beginning with Plaintiffs' argument that the Property is located in Montgomery County, under Local Rule 82.1, if a defendant is a resident of the Southern District of Ohio, as is the case herein, the action must filed in the federal district court serving the county of which the defendant is a resident. Because the City of Springboro is located within this District, the Court does not look to the location of the property at issue or to where a substantial part of the events or omissions giving rise to the claim occurred. *See* Local R. 82.1(e). In other words, the location of the Property is irrelevant for purposes of venue in this action.

■ The critical issue for Defendants' Motion is whether Defendants are residents of both Warren and Montgomery Counties, as Plaintiffs argue, or just Warren County, as Defendants assert. The Sixth Circuit has held that "[w]here a public official is a party to an action in his official capacity, he resides in the judicial district where he maintains his official residence, that is, where he performs his official duties." *O'Neill v. Battisti,* 472 F.2d 789, 791 (6th Cir.1972), quoting 1 Moore's Federal Practice 1487–88; *see also Northern Ky. Welfare Rights Ass'n v. Wilkinson,* 1991 WL 86267 (6th Cir. May 24, 1991). It is undisputed that the Springboro City Council and the Springboro Planning Commission perform their official

duties in Warren County. Accordingly, it is proper to sue those entities in Warren County, rather than Montgomery County.

Because the borders of the City of Springboro extend into Montgomery County, it is reasonable to state that the City performs its functions in both counties. Undoubtedly, the City of Springboro provides various services, such as police and waste removal services, to the portion of its jurisdiction which lies within Montgomery County. However, it is further undisputed that the municipal offices and government are located in Warren County. In addition, although Plaintiffs' claims concern property located in Montgomery County, its claims against the City of Springboro arise out of the official actions of its governing bodies, which perform their duties in Warren County. Under these circumstances, the Court concludes that Defendants are residents of Warren County alone.

Although this Court is not bound by Ohio case law regarding venue, the Court notes that this ruling is consistent with those of Ohio courts on this subject. In *City of Fostoria v. Fox,* 60 Ohio St. 340, 54 N.E. 370 (Ohio 1899), the Ohio Supreme Court specifically rejected the proposition that a city which is partially situated in two counties is a resident of both. It reasoned:

> But it is also claimed that, where a city is partly within one and partly within another county, it has a situs in each. This, we think, is not admissible. If this were so, it would be two cities instead of one. It would quite as consistent with reason to say that an individual could have two domiciles. The situs of a city is to be determined by the place where its principal seat of municipal government is located.

54 N.E. at 371. Thus, the Ohio Supreme Court held that "[a] city partially situated

in two counties has its situs in the county where its municipal offices and government are located...." *Id.* (paragraph 2 of syllabus); *see Cincinnati, C. & W. Turnpike Co. v. Village of Milford,* 32 Ohio C.C. 497 (Ohio Cir.1909).

Because the Court concludes that Defendants are residents of Warren County, for purposes of venue herein, Plaintiffs' action is properly venued in the Southern District of Ohio, Western Division, at Cincinnati. In the interest of justice, the Court transfers this action to that location.

Defendants' Motion for Change of Venue and to Transfer to the Southern District of Ohio, Western Division, at Cincinnati (Doc. # 6) is SUSTAINED.

The captioned cause is hereby transferred to the Southern District of Ohio, Western Division, at Cincinnati.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.