7 F.3d 233
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Michael R. FRIEND, Plaintiff-Appellant,
v.
Dewey SOWDERS; John Parker, Defendants-Appellees.
 No. 93-5338.
 United States Court of Appeals, Sixth Circuit.
 Oct. 1, 1993.
 
 Before KENNEDY and RYAN, Circuit Judges, and BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 Michael R. Friend, a pro se Kentucky prisoner, appeals a district court order dismissing his civil rights action filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Friend filed his civil rights action, in the District Court for the Western District of Kentucky, against Dewey Sowders, Warden at the Northpoint Training Center (NTC) in Burgin, Kentucky, and John Parker, Mechanical Maintenance and Operations Manager at the Kentucky State Reformatory (KSR) in LaGrange, Kentucky. Friend alleged that he has been repeatedly and continuously exposed to friable airborne asbestos during his incarceration at NTC and KSR. He sued the defendants for damages in their individual capacities.
 
 
 3
 On November 19, 1991, defendant Sowders filed a motion to dismiss the claims against him for improper venue or as res judicata. On January 24, 1992, the district court determined that venue was improper and entered an order dismissing the action against defendant Sowders without prejudice to Friend's right to file his claims against Sowders in the Eastern District of Kentucky. Reconsideration was sought and denied. Friend appealed the January 24, 1992, order on May 5, 1992, and the Sixth Circuit dismissed the appeal for lack of jurisdiction in an order filed June 12, 1992.
 
 
 4
 On July 20, 1992, the district court, on its own motion, entered a scheduling order establishing deadlines for discovery, witness lists, exhibit lists, and the filing of dispositive motions. Pursuant to this order, Friend's witness and exhibit lists were to be filed on or before November 2, 1992. On December 2, 1992, defendant Parker filed a motion requesting the district court to issue a show cause order requiring Friend to show cause why the case should not be dismissed for his failure to comply with the court's scheduling order. A show cause order was entered on January 19, 1993, requiring Friend to show cause by January 29, 1993, why the case should not be dismissed pursuant to Fed.R.Civ.P. 41(b).
 
 
 5
 On February 1, 1993, the district court entered an order dismissing the case based on Friend's failure to comply with previous orders of the court. On February 2, 1993, Friend's response to the court's show cause order was filed. He claimed he was unable to comply with the district court's previous orders because three of his contemplated witnesses had left the Kentucky Correctional system and because he had yet to receive information he requested from several federal agencies regarding federal grants to the Kentucky Department of Corrections. He claimed this information was necessary to prove or disprove his central claims. The district court considered Friend's written response; however, it entered an order on February 10, 1993, stating that the previous order of dismissal would remain in full force and effect.
 
 
 6
 Upon review, we conclude that the district court did not abuse its discretion in dismissing Friend's claims against defendant Sowders for improper venue. Hapaniewski v. Chicago Heights, 883 F.2d 576, 579 (7th Cir.1989), cert. denied, 493 U.S. 1071 (1990); Cote v. Wadel, 796 F.2d 981, 985 (7th Cir.1986); Naartex Consulting Corp. v. Watt, 722 F.2d 779, 789 (D.C.Cir.1983), cert. denied, 467 U.S. 1210 (1984). Since Friend's claims arose in the Eastern District of Kentucky, proper venue is therefore within that district. 28 U.S.C. § 1391(b).
 
 
 7
 Upon further review, we conclude that the district court did not abuse its discretion in dismissing the claims against defendant Parker pursuant to Fed.R.Civ.P. 41(b). Link v. Wabash R. Co., 370 U.S. 626, 633 (1962); Jourdan v. Jabe, 951 F.2d 108, 109 (6th Cir.1991). "[W]hile pro se litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." See Jourdan, 951 F.2d at 109 (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972)). As in Jourdan, no persuasive reason has been offered why Friend should be accorded special consideration under the circumstances of this case. Friend's civil rights action was not dismissed as the result of "inartful pleading or any lack of legal training," but rather because he failed to comply with court orders within the readily comprehended court deadlines of which he was well aware. Furthermore, Friend has had many cases on appeal; thus he is aware of court procedure. Since Friend was aware of his obligation to proceed, and no special circumstances point to an abuse of discretion by the district court, the order dismissing the civil rights action against defendant Parker was proper.
 
 
 8
 Accordingly, the order dismissing the civil rights action is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.