**FIRST OF MICHIGAN CORPORATION; Michael Sobol, Plaintiffs–Appellants,**

**v.**

**Carlton BRAMLET; Dolores M. Bramlet, Defendants–Appellees.**

**No. 97–1444.**

United States Court of Appeals, Sixth Circuit.

Argued March 12, 1998.

Decided April 3, 1998.

Michael P. Coakley (argued and briefed), Thomas R. Cox (briefed), Miller, Canfield, Paddock & Stone, Detroit, MI, for Plaintiffs–Appellants.

Bernadette D. Dore', UAW—Ford Legal Services Plan, Dearborn, MI, Willienard Banks (argued and briefed), UAW—Chrysler Legal Services Plan, Detroit, MI, for Defendants–Appellees.

Before: RYAN, COLE, and GILMAN, Circuit Judges.

## OPINION

COLE, Circuit Judge.

Appellants, First of Michigan Corporation ("First of Michigan") and Michael Sobol, appeal the district court's dismissal based on improper venue of their case against Appellees, Carlton and Dolores Bramlet ("the Bramlets").

The sole issue on appeal is whether the district court erred in dismissing the plaintiffs' case based on improper venue. For the following reasons, we **REVERSE** the judgment of the district court and **REMAND** for further proceedings consistent with this opinion.

### I.

Between September 1989 and August 1991, the Bramlets invested approximately $62,000 in an Individual Retirement Account ("IRA") with First of Michigan pursuant to the advice of Michael Sobol, an investment broker. The Bramlets' June 1, 1996 IRA statement indicated a loss of $37,556. On June 24, 1996, the Bramlets, residents of Florida, initiated an arbitration action against First of Michigan and Sobol by filing a Uniform Submission Agreement with the National Association of Securities Dealers ("NASD") in Florida. In their arbitration complaint, the Bramlets alleged that First of Michigan and Sobol failed to provide them with periodic statements of their IRA's value, thereby concealing the account's steady loss until it was too late to mitigate the damage. The terms of the arbitration agreement provided that any arbitration hearing between the parties would be conducted in accordance with "the Constitution, By–Laws, Rules, Regulations and/or NASD Code of Arbitration Procedures of the sponsoring organization."

Subsequently, First of Michigan and Sobol filed this action in the district court for the

Eastern District of Michigan,[1] seeking to enjoin and dismiss the Bramlets' arbitration claims as ineligible for arbitration, pursuant to NASD Code of Arbitration § 15, which bars arbitration of claims relating to investments more than six years old. First of Michigan and Sobol asserted jurisdiction in the federal district court based on the parties' diversity of citizenship and 28 U.S.C. § 1391(a), which establishes the proper venue for diversity cases.

The Bramlets responded that the district court in Michigan was an improper venue and moved to dismiss the case against them, pursuant to 28 U.S.C. § 1406(a) which requires dismissal or transfer of cases filed in an improper venue. In the alternative, the Bramlets sought to transfer the case to Florida, pursuant to 28 U.S.C. § 1404(a),[2] claiming that the Michigan district court was an inconvenient forum. The Bramlets reasoned that in 1989, when they began investing with Sobol and First of Michigan, they lived in Texas, and the majority of incidents giving rise to their claim took place in 1990, after they had moved to Florida. First of Michigan and Sobol contended that "a substantial part of the events or omissions giving rise to the claim occurred" in Michigan. Specifically, in 1989, the Bramlets met Sobol in Michigan in order to solicit his advice in converting Carlton Bramlet's 401(k) funds. Further, Sobol originated and received all of his telephone calls with the Bramlets and established the IRAs at issue in Michigan.

On March 13, 1997, the district court dismissed the plaintiffs' case based on improper venue, reasoning that "the most substantial event giving rise to plaintiffs' complaint for declaratory relief was the Bramlets' filing of an arbitration action, which they initiated in Florida." The district court concluded that because the Bramlets did not reside in Michigan, and a "substantial part of the events giving rise to the plaintiffs' complaint" did not occur in Michigan, venue in Michigan was improper. This timely appeal followed.

## II.

■ We have not specifically addressed the standard of review which we apply to a district court's order dismissing a complaint based on improper venue. Whether the district court erred in dismissing for improper venue frequently implicates the related question of whether the district court also erred in failing to transfer the case to a proper venue pursuant to 28 U.S.C. § 1406(a) rather than dismiss. The decision of whether to dismiss or transfer is within the district court's sound discretion, and accordingly, we review such a decision for an abuse of discretion. *See Friend v. Sowders,* 7 F.3d 233, 1993 WL 389813 at *2 (6th Cir. October 1, 1993) (citing *Hapaniewski v. Chicago Heights,* 883 F.2d 576, 579 (7th Cir.1989)).

■ However, in this case, the plaintiffs do not claim that the district court erred by dismissing their case rather than transferring it to a proper venue; they instead contend that the district court applied an obsolete standard in determining that venue was improper in the first instance, thereby challenging the district court's interpretation of the venue statute. As the district court's determination of whether a plaintiff has filed his action in the proper venue involves an interpretation of the venue statute, it is a question of law subject to *de novo* review. *See Pierce v. Shorty Small's of Branson Inc.,* 137 F.3d 1190 (10th Cir.1998) (citing *Hooker v. United States Dep't of Health & Human Servs.,* 858 F.2d 525, 528 n. 2 (9th Cir.1988)). We therefore review *de novo* the district court's determination that the plaintiffs filed their case in an improper venue. *See United States v. Baro,* 15 F.3d 563, 566 (6th Cir. 1994) (stating that a district court's legal conclusions are reviewed *de novo* ).

## III.

First of Michigan and Sobol contend that the district court applied an "incorrect, obsolete" standard in granting the motion to dis-

---

1. First of Michigan is a Delaware corporation with its headquarters and principal place of business in Michigan; Sobol is a citizen of Michigan.

2. 28 U.S.C. § 1404(a) provides, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

miss on the basis of improper venue. The plaintiffs refer to the district court's finding that "the most substantial event giving rise to plaintiffs' complaint ... was the Bramlets' filing of an arbitration action, which they initiated in Florida." First of Michigan and Sobol argue that proper venue is not limited to the district where the most substantial event giving rise to the complaint arose. Rather, the plaintiffs cite 28 U.S.C. § 1391(a)(2) to support their argument that venue is proper wherever "a substantial part" of the events giving rise to the claim occurred.

28 U.S.C. § 1391(a) states in relevant part:

A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred ... or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a). The statute was amended in 1990 in order to broaden the venue provisions. The commentary following the 1990 revisions to § 1391(a)(2) states:

The fact that substantial activities took place in district B does not disqualify district A as proper venue as long as "substantial" activities took place in A, too. Indeed, district A should not be disqualified even if it is shown that the activities in district B were more substantial, or even the most substantial. Any other approach would restore the pinpointing problem that created the difficulties under the now discarded "claim arose" standard. If the selected district's contacts are "substantial," it should make no difference that another's are more so, or the most so.

David D. Siegel, Commentary on the 1988 and 1990 Revisions of Section 1391, Subdivision (a), Clause (2), 28 U.S.C.A. § 1391 (1993).

Before 1990, § 1391 limited proper venue to *the* judicial district "in which a substantial part of the acts, events or omissions occurred that gave rise to the claim for relief." *Onderik v. Morgan,* 897 F.2d 204, 207 (6th Cir.1989). Accordingly, our interpretation of the pre–1990 § 1391 stated that "[v]enue is proper in *the* judicial district in which the claim arose." *Onderik,* 897 F.2d at 206 (emphasis added). The amended version of § 1391 replaced this standard in favor of proper venue in "*a* judicial district in which *a substantial part* of the events giving rise to the claim arose." 28 U.S.C. § 1391(a)(2) (emphasis added).

The 1990 amendment to § 1391(a)(2) renders the *Onderik* standard obsolete.[3] *See Setco Enterprises Corp. v. Robbins,* 19 F.3d 1278, 1280–81 (8th Cir.1994) (stating that under the amended statute, courts "no longer ask which district among the two or more potential forums is the 'best' venue. Rather, [they] ask whether the district the plaintiff chose had a substantial connection to the claim, whether or not other forums had greater contacts"); *Bates v. C & S Adjusters, Inc.,* 980 F.2d 865, 866–68 (2d Cir.1992) (noting that "the new statute does not, as a general matter, require the District Court to determine the best venue"); *see also Cottman Transmission Sys., Inc. v. Martino,* 36 F.3d 291, 294 (3d Cir.1994). We have not previously reviewed the determination of venue under the amended version of § 1391.

 In light of the amended language of § 1391(a)(2), we hold that in diversity of citizenship cases the plaintiff may file his complaint in any forum where a substantial part of the events or omissions giving rise to the claim arose; this includes any forum with a substantial connection to the plaintiff's claim. *See* 28 U.S.C. § 1391(a). We thus conclude that the district court misapplied the statute

---

**3.** We note that the amended statutory language was the result of a recommendation by the Federal Courts Study Committee to broaden transactional venue in order to avoid excessive litigation over venue. REPORT OF THE FEDERAL COURTS STUDY COMMITTEE (1990) at 94, *cited in* John B. Oakley, *Recent Statutory Changes in the Law of Federal Jurisdiction and Venue,* 24 U.C. Davis L.Rev. 735, 782 n. 62 (Spring 1991).

in determining that the plaintiffs filed their action in an improper venue. The district court cited the amended version of § 1391(a)(2). However, in its order dismissing the plaintiffs' claim, the district court referred to "the most substantial event giving rise to" the complaint. This phrase echos the pre–1990 standard for the determination of appropriate venue. *See Onderik,* 897 F.2d at 206. The district court reasoned that the only event triggering First of Michigan and Sobol's lawsuit seeking to enjoin the Bramlets' arbitration claim was the filing of the arbitration claim in Florida, and that the plaintiffs' case was not based on First of Michigan and Sobol's handling of the Bramlets' investments. The district court stated that "[d]espite the fact that the Bramlets purchased the disputed investments through a Michigan broker, the case at bar would not exist had the Bramlets not instigated the arbitration in Florida." This analysis indicates that the district court based its determination that venue was improper on a single occurrence which directly gave rise to the plaintiffs' action, rather than considering whether the forum the plaintiffs chose had a substantial connection to their claim. *See Setco Enterprises,* 19 F.3d at 1280–81.

An application of the amended § 1391(a)(2), which allows plaintiffs to file a diversity case wherever a substantial *part* of the events giving rise to their claim occurred, would have allowed First of Michigan and Sobol's claim to proceed in the district court for the Eastern District of Michigan. Most of the transactions relating to the Bramlets' investments took place in Michigan or resulted from contact the Bramlets had with Sobol, who at all times conducted business in Michigan. We have held in similar circumstances that venue is proper where the underlying transactions and investments took place and is not limited to the forum where the defendants filed a request for arbitration. *See Securities Service Network, Inc. v. Cromwell,* 62 F.3d 1418, 1995 WL 456374 (6th Cir. August 1, 1995)(affirming district court's finding of proper venue based on place where underlying transactions and investments took place rather than location of arbitration request filing). Under § 1391(a)(2), we reiterate that the appropriate forum for a case is

any forum in which a substantial part of the events or omissions giving rise to the claim occurred. With this standard in mind, we conclude that the district court erred in dismissing the plaintiffs' case based on an outdated interpretation of the venue statute.

## IV.

For the foregoing reasons, we **REVERSE** the judgment of the district court and **REMAND** for further proceedings consistent with this opinion.