**Saunders V. DORSEY, a person qualified for protection under the ADA, Plaintiff,**

**v.**

**AMERICAN GOLF CORPORATION, et al., Defendants.**

No. 99–CV–75215–DT.

United States District Court, E.D. Michigan, Southern Division.

April 5, 2000.

Dorsey Saunders, Farmington Hills, MI, pro se.

James P. Feeney, Lennox Emanuel, Feeney, Kellett, Bloomfield Hills, MI, for defendants.

## OPINION

.DUGGAN, District Judge.

On October 22, 1999, plaintiff Saunders V. Dorsey filed a complaint against defendant American Golf Corporation ("AGC"), a California corporation that manages a number of premier public and private golf courses throughout the United States, and 257 individual golf courses currently managed by defendant AGC, seeking injunctive and monetary relief for alleged violations of the Americans With Disabilities Act ("ADA"). Of the 257 individual golf courses named as defendants in this case, only four are located within Michigan. This matter is currently before the Court on defendant AGC's [1] motion to dismiss for (1) lack of personal jurisdiction with respect to plaintiff's claims against defendant AGC arising out of defendant AGC's management of the non-Michigan golf course defendants, or in the alternative, improper venue, (2) failure to join indispensable parties, and (3) failure to state a claim. Defendant AGC has also filed a motion for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e), and a motion to consolidate this matter with *Dorsey v. City of Detroit, et al.*, case number 99–75381, also currently pending before this Court.

### Background

Defendant AGC is a management corporation that operates and manages a number of private and public golf and tennis clubs throughout the United States and United Kingdom under leasing and management agreements with the owners of such facilities. Defendant AGC does not own the golf courses or facilities that it

---

1. None of the individual golf courses have joined in defendant AGC's motions, nor have any of the individual golf courses filed an answer to plaintiff's complaint to date.

manages. Defendant AGC currently manages approximately 320 golf courses, including the 257 individual golf courses also named defendants to this action. Defendant AGC manages some of the facilities through its limited partnership subsidiaries, in which defendant AGC is usually the majority owner and managing general partner, including American Golf of Detroit ("AGD"), which is eighty percent owned and operated by defendant AGC. Defendant AGC manages seven golf courses in Michigan, only four of which have been named as individual defendants in this action: Chandler Park Golf Course, Dunmaglas Golf Course, Hilltop Golf Course, and Woodlands of Van Buren Golf Course.[2]

On October 22, 1999, plaintiff filed the instant action under the ADA naming AGC, as well 257 golf courses currently managed by AGC, as defendants. In support of his claims, plaintiff asserts that the defendants (1) do not have specialized golf carts to accommodate wheelchair users, (2) have not provided the requisite number of handicap parking spaces as required by the ADA, (3) have failed to provide wheelchair accessible restroom facilities,[3] and (4) currently have tee boxes that are not accessible by wheelchair users, and more specifically, the specialized golf carts used by wheelchair users. Plaintiff seeks monetary and injunctive relief.

### Motion to Dismiss for Lack of Personal Jurisdiction

Defendant AGC has filed a motion to dismiss all claims asserted against it arising out of its management of the 253 golf courses located outside the State of Michigan. According to defendant AGC, this Court has only limited personal jurisdiction over it and therefore, the only claims

that are properly before this Court are those claims that arise out of defendant AGC's management of the Michigan-based golf courses. (Def.'s Br.Supp.Mot. Dismiss at 9–12).

▮ Plaintiff bears the burden of establishing that this Court has personal jurisdiction over defendant. *Theunissen v. Matthews,* 935 F.2d 1454, 1458 (6th Cir. 1991). In the face of a properly supported motion for dismissal, plaintiff may not stand on its pleadings but must, by affidavit or otherwise, set forth specific facts establishing jurisdiction. *Id.* Because the Court is relying solely upon the parties' affidavits, "plaintiff must make only a *prima facie* showing that personal jurisdiction exists in order to defeat dismissal." *Id.* In determining whether plaintiff has established a *prima facie* showing of jurisdiction, the pleadings and affidavits "are received in a light most favorable to the plaintiff." *Id.* at 1459. Furthermore, this Court is not to weigh the controverting assertions of the party seeking dismissal. *Id.* Instead, this Court is to view all factual allegations asserted by plaintiff in support of jurisdiction in favor of plaintiff and determine whether these allegations, taken collectively, are sufficient to establish a *prima facie* showing of personal jurisdiction over defendant. *Id.* at 1462.

▮ "A federal district court sitting in diversity must apply the law of the forum state to determine whether it may exercise jurisdiction over the person of a nonresident defendant." *Theunissen,* 935 F.2d at 1458. Under Michigan law, general personal jurisdiction exists over a nonresident corporate defendant if the corporation has carried on "a continuous and systematic part of its general business" within Michigan.[4] MICH.COMP.LAWS § 600.711(3).

---

2. Counsel for defendant AGC clarified at oral argument that the only Michigan golf courses involved in this action are Chandler Park, Dunmaglas, Hilltop, and Woodlands of Van-Buren.

3. At oral argument, plaintiff contended that certain of defendants' stall doors are too narrow and prevent access by wheelchair users.

4. In this regard, Michigan's general personal jurisdiction statute mirrors the "continuous

It is uncontested that defendant AGC manages seven Michigan golf courses, maintains employees in Michigan, and is the managing partner of a Michigan corporation, American Golf of Detroit. Defendant AGC, however, contends that its conduct "with respect to the Non–Michigan Courses does not meet the substantial threshold requirements necessary for general personal jurisdiction over AGC by this Court." (Def.'s Br.Supp.Mot. Dismiss at 11). According to defendant AGC, it could not have reasonably foreseen being haled into court in Michigan with respect to the non-Michigan golf courses because all of its management activities with respect to the non-Michigan golf courses occurred outside the State of Michigan. (*Id.* at 11). At oral argument, counsel for defendant AGC also argued that it should not be subjected to general personal jurisdiction in Michigan because the majority of the golf courses that it manages are located in California and Texas.

The only relevant inquiry for general personal jurisdiction purposes is whether defendant AGC has conducted a continuous and systematic part of its general business *within Michigan.* "The representative percentage of defendant's business conducted in Michigan is not of great importance as long as the business actually done in Michigan is continuous and systematic." *Lincoln v. Fairfield–Nobel Co.,* 76 Mich.App. 514, 518, 257 N.W.2d 148 (1977). Defendant AGC manages seven golf courses in Michigan, maintains employees in Michigan, and is the managing partner of a Michigan corporation. As stated by defendant AGC itself, its general business consists of "operat[ing] and manag[ing] private golf and tennis clubs, resort golf courses, athletic clubs, public golf courses, related restaurants and golfing goods and supplies facilities." (Def.'s Br.

Supp.Mot. Dismiss at 6). The Court is satisfied that defendant AGC conducts a continuous and systematic part of its general business in Michigan and is, therefore, subject to general personal jurisdiction in Michigan.[5]

Furthermore, because defendant AGC concedes that it is subject to limited personal jurisdiction in Michigan for its acts relating to the four Michigan golf courses, this Court's exercise of limited personal jurisdiction over defendant AGC is sufficient to maintain this action. Accordingly, defendant AGC's motion to dismiss for lack of personal jurisdiction shall be denied.

### Motion to Dismiss for Failure to Join Indispensable Parties

Defendant AGC has also filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 19 for failure to join indispensable parties. Defendant AGC's motion, however, shall be denied because plaintiff has in fact "joined" each of the alleged "indispensable" parties by naming each of the individual golf courses as defendants to this action. Although serious questions exist as to whether this Court has personal jurisdiction over the non-Michigan golf courses, they nevertheless remain parties to this action.

Furthermore, although it appears to the Court that such parties are "indispensable" with respect to the specific injunctive relief sought by plaintiff because, as defendant AGC alleges, defendant AGC does not have the power or authority to effect the structural changes sought by plaintiff at all of the 257 golf courses currently managed by defendant AGC, the Court is not convinced, at this time, that it is impossible for plaintiff to achieve any of the

---

and systematic" contacts required by due process. *See Aristech Chemical Int'l Ltd. v. Acrylic Fabricators Ltd.,* 138 F.3d 624, 627 (6th Cir.1998) ("General jurisdiction exists when a defendant has 'continuous and systematic' contacts with the forum state sufficient to

justify the state's exercise of judicial power with respect to any and all claims.").

**5.** The Court makes no ruling regarding personal jurisdiction over any of the individual golf courses named as defendants in this suit.

relief he seeks. If it is established that defendant AGC has violated the ADA, defendant AGC, in its own capacity, may be liable for monetary damages. The Court, therefore, believes that further discovery regarding this issue is warranted. If the non-Michigan golf course defendants are ultimately dismissed from this action, defendant AGC may refile its motion, at which time the Court will re-evaluate defendant AGC's motion to dismiss for failure to join indispensable parties.

### Motion to Dismiss for Improper Venue

In the alternative, defendant AGC contends that venue in this Court is improper with regard to all claims relating to the non-Michigan golf courses. (Def.'s Br. Supp.Mot. Dismiss at 12). In actions not based solely upon diversity, venue is proper:

> [O]nly in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b). Plaintiff contends that venue is proper in this Court because a substantial part of the events giving rise to his claims occurred at four Michigan golf courses. (Pls.' Resp. at 4).

Section 1391 contemplates " 'that there may be more than one district in which a substantial part of the events giving rise to the claim occurred, and that venue would be proper in each such district.' " *Whiteman v. Peltola*, No. 95–CV–73101–DT, 1996 WL 426253 at * 1 (E.D.Mich.1996) (quoting *Sidco Industries Inc. v. Wimar Tahoe Corp.*, 768 F.Supp. 1343 (D.Or. 1991)). The venue statute does not require that the "most significant" event giving rise to the controversy occur in the forum. *First of Mich. Corp. v. Bramlet*, 141 F.3d 260, 263–64 (6th Cir.1998). "[P]laintiff may file his complaint in any forum where a substantial part of the events or omissions giving rise to the claim arose; this includes any forum with a substantial connection to plaintiff's claim." *Id.* at 263. As the Sixth Circuit explained:

> "The fact that substantial activities took place in district B does not disqualify district A as proper venue as long as 'substantial' activities took place in A, too. Indeed, district A should not be disqualified even if it is shown that the activities in district B were more substantial, or even the most substantial. Any other approach would restore the pinpointing problem that created the difficulties under the now discarded 'claim arose' standard. If the selected district's contacts are 'substantial,' it should make no difference that another's are more so, or the most so."

*Id.* at 263 (quoting commentary to 28 U.S.C. § 1391).

The Court is satisfied that Michigan has a substantial connection to plaintiff's claims. Accordingly, defendant's motion to dismiss for improper venue shall be denied.

### Motion to Dismiss for Failure to State a Claim

Defendant AGC also asserts that plaintiff's complaint should be dismissed for failure to state a claim. According to Defendant AGC, plaintiff's complaint "merely sets forth conclusory allegations and unfounded factual inferences, which are insufficient to support his claim" and plaintiff's "mere recitation of the general language of the ADA statute is insufficient to state a cause of action." (Def.'s Br.Supp.Mot. Dismiss at 15, Def.'s Reply at 9). Defendant AGC further argues that plaintiff's complaint "provides no facts to support those general allegations." (Def.'s Reply at 9).

A motion to dismiss should not be granted unless, taking all of the factual

allegations contained in the complaint as true, there exists no set of facts that would entitle the plaintiff to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). The Court, however, need not accept legal conclusions or unwarranted factual inferences as true. *Id. See also Morgan v. Church's Fried Chicken,* 829 F.2d 10, 12 (6th Cir.1987).

The ADA states that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182. The ADA specifically provides that a golf course is a place of public accommodation. *Id.* at § 12181(7)(L).

■ In his complaint, plaintiff asserts that he is a qualified physically handicapped person as defined by the ADA, that defendant AGC "manages properties and golf courses," and that defendant AGC, as well as the other individually named defendants, "have excluded [p]laintiff from the full privileges of the public facilities and continue to allow barriers which exclude him," by constructing, maintaining, and operating such golf courses "without the legally required access for disabled persons." (Compl. at ¶¶ 4–5). More specifically, plaintiff alleges that defendant AGC, in conjunction with the individual defendant golf courses, has failed to provide specialized golf carts for disabled persons, requisite handicap parking, handicap accessible restrooms, and handicap accessible tee boxes. (*Id.* at 8).

The Court is satisfied that plaintiff's complaint contains sufficient *allegations* supporting a claim against defendant AGC under the ADA. Plaintiff has alleged that defendant AGC, as an operator of the defendant golf courses, has prevented him from engaging in the full and equal enjoyment of the golf courses, places of public accommodation, on the basis of his disability by failing to provide specialized golf carts, handicap parking, handicap accessible facilities, and handicap accessible tee boxes. Accepting plaintiff's allegations as true, as this Court must in evaluating a motion to dismiss for failure to state a claim, defendant's motion to dismiss for failure to state a claim must be denied.[6] *See* Fed.R.Civ.P. 12(b)(6). Accordingly, defendant's motion to dismiss for failure to state a claim shall be denied.

### Motion for More Definite Statement

On December 21, 1999, defendant AGC also filed a motion for more definite statement pursuant to Federal Rule of Civil Procedure 12(e). Rule 12(e) states:

> If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained of and the details desired.

Fed.R.Civ.P. 12(e). Defendant AGC contends that plaintiff's complaint is vague and ambiguous because it omits facts regarding the alleged discrimination, such as dates, approximate times, and locations. (Def.'s Br.Supp.Mot. More Definite Statement at 6). According to defendant AGC, "[a]t a minimum, [plaintiff] must provide some facts about times, locations, and specific nature of the alleged discrimination." (*Id.* at 7).

■ As previously noted by this Court, plaintiff has stated the specific nature of the alleged discrimination. Plaintiff has specifically alleged that the defendant golf courses have failed to provide specialized golf carts for wheelchair users,

---

**6.** Whether a plaintiff can *prove* the allegations contained in a complaint is not a matter to be considered by the Court in ruling on a motion to dismiss for failure to state a claim.

sufficient handicap parking spaces, wheel-chair accessible restroom facilities, and accessible tee boxes.[7] Furthermore, plaintiff alleges that the alleged discrimination is ongoing, therefore, plaintiff is not required to plead specific dates and times. The Court is not convinced that plaintiff's complaint is so ambiguous or vague that defendants would be unable to form a responsive pleading. Surely, either defendant AGC or the individual golf courses should know whether they provide specialized golf carts for wheelchair users, sufficient handicap parking, wheelchair accessible restroom facilities, and accessible tee boxes. Accordingly, defendant AGC's motion for more definite statement shall be denied.

### Motion to Consolidate

Defendant AGC has also filed a motion to consolidate this case for discovery[8] with a companion case, *Dorsey v. City of Detroit*, case number 99–75381, which is also currently pending before this Court. During oral argument, counsel for plaintiff agreed to such consolidation and, therefore, defendant AGC's motion to consolidate for discovery purposes shall be granted.

### Conclusion

For the above state reasons, defendant AGC's motion to dismiss for lack of personal jurisdiction, failure to join indispensable parties, improper venue, and failure to state a claim upon which relief can be granted, as well as defendant AGC's motion for more definite statement, shall be denied. Defendant AGC's motion to consolidate this case with *Dorsey v. City of Detroit, et al.*, case number 99–75381, for discovery shall be granted.

7. Plaintiff further clarified his claims during oral argument.

8. Although defendant AGC's motion sought to consolidate these cases for trial, counsel for

An Order consistent with this Opinion shall issue forthwith.

defendant AGC clarified at oral argument that defendant AGC seeks consolidation for discovery purposes only.