Gregory MILES, Plaintiff–Appellant,

v.

WTMX RADIO; Dave Fogel; Boogie Night Club; Cermack Medical Center; Chicago Police Department; Cook County Jail, Defendants–Appellees.

No. 00–2317.

United States Court of Appeals, Sixth Circuit.

June 20, 2001.

Before BOYCE F. MARTIN, JR., Chief Judge; NELSON, Circuit Judge; RICE, District Judge.*

Pro se Michigan resident Gregory Miles appeals a district court judgment that dismissed his civil suit for want of personal jurisdiction and improper venue. The case has been referred to this panel pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. We unanimously agree that oral argument is not needed. Fed. R.App. P. 34(a).

Miles filed suit—in the United States District Court for the Eastern District of Michigan—against a Chicago radio station, a disc jockey for the station, a Chicago nightclub, a local medical center, the Chicago Police Department, and the Cook County jail. Miles claimed that the defendants committed the torts of assault and battery, intentional infliction of emotional distress, and libel. He also claimed that he was the victim of a conspiracy, that he suffered racial discrimination, and that he was unlawfully arrested and maliciously prosecuted.

The district court dismissed Miles's suit for want of personal jurisdiction and improper venue. In his timely appeal, Miles has filed a difficult-to-decipher brief in which he argues that the district court erred by dismissing his suit.

■ This court reviews the district court's dismissal for lack of personal jurisdiction de novo. *Nationwide Mut. Ins. Co. v. Tryg Int'l Ins. Co.*, 91 F.3d 790, 793 (6th Cir.1996); *Tobin v. Astra Pharm. Prods., Inc.*, 993 F.2d 528, 542 (6th Cir.1993). In this case, the district court did not hold an evidentiary hearing, and thus, we view the facts in the light most favorable to the non-moving party. *Tryg*, 91 F.3d at 793.

The district court properly dismissed the case against the defendants pursuant to Fed.R.Civ.P. 12(b)(2) for lack of personal jurisdiction. Michigan's long-arm statute extends personal jurisdiction over "[t]he transaction of any business within the state." Mich. Comp. Laws Ann. § 600.715.

■ Since the reach of Michigan's long-arm statute is co-extensive with the constitutional limits of due process, *Chandler v. Barclays Bank PLC*, 898 F.2d 1148, 1150–51 (6th Cir.1990), the question of personal jurisdiction is determined by the minimum contacts test established in *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Drawing on the teachings of *International Shoe*, this court has set forth three factors that must be met before it will exercise personal jurisdiction:

First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the

* The Honorable Walter Herbert Rice, United States District Judge for the Southern District of Ohio, sitting by designation.

cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Southern Mach. Co. v. Mohasco Indus. Inc.*, 401 F.2d 374, 381 (6th Cir.1968) (footnote omitted).

■ As the district court properly concluded, the defendants' contacts with the state of Michigan did not meet the minimum contacts test set forth in *International Shoe.* No defendant has purposefully availed itself of acting in Michigan or of causing a consequence in Michigan. It is undisputed that the defendants conducted no business in Michigan. Therefore, the litigation does not arise from the defendants' activities in the forum state. Finally, the acts of the defendants or consequences caused by them do not have a substantial enough connection with the forum state to make the exercise of jurisdiction over them reasonable.

■ The district court's dismissal pursuant to Rule 12(b)(3) for improper venue was also proper. A district court's decision to dismiss a complaint, rather than transfer the suit to a proper venue under 28 U.S.C. § 1406, is reviewed for an abuse of discretion. *First of Michigan Corp. v. Bramlet,* 141 F.3d 260, 262 (6th Cir.1998). A district court's determination that a plaintiff has filed his action in an improper venue is a question of law that is reviewed de novo. *Id.* Venue is proper in a judicial district in which a "substantial part of the events giving rise to the claim arose." *Id.* (quoting 28 U.S.C. § 1391(a)(2)). Miles has not claimed that any event, act, or omission that is the basis of his claims occurred in any part of Michigan, let alone the Eastern District. The court did not err in finding venue improp-

er, and the court did not abuse its discretion by dismissing the suit.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.