Dorman **HARROD**, Plaintiff–Appellant,

v.

**UUNET TECHNOLOGIES, INC.; Alltel Corporation; Carson Services, Inc., Defendants–Appellees.**

No. 01–5850.

United States Court of Appeals, Sixth Circuit.

Dec. 3, 2001.

Before GUY and BOGGS, Circuit Judges; CARR, District Judge.[*]

## ORDER

This pro se Kentucky litigant appeals a district court judgment dismissing his complaint. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary damages, Dorman Harrod brought a diversity action in which he sued the parent company of the marketing group that employed him (Carson Services, Inc. (Carson), a.k.a. Six Figure Income Group (SFI)), and two internet service providers, UUNET Technologies, Inc. (UUNET) and ALLTEL Corporation (ALLTEL).

---

[*] The Honorable James G. Carr, United States District Judge for the Northern District of Ohio, sitting by designation.

SFI employed Harrod as an "affiliate" pursuant to an agreement whereby Harrod was to receive certain commissions in exchange for the sale and promotion of products marketed by Carson. The agreement reserved to both parties (Harrod and Carson/SFI) the right to terminate the agreement at any time. The agreement also specifically prohibited the use of unsolicited bulk e-mail ("spam"). UUNET and ALLTEL complained that Harrod "spammed" their internet sites with advertising, and Carson/SFI terminated its agreement with Harrod. In his complaint, Harrod alleged tortious interference with an existing contract, tortious interference with prospective business relationships, libel, and business interference against UUNET and ALLTEL. Harrod alleged that Carson/SFI committed the tort of business interference by terminating its agreement with him.

The district court dismissed Harrod's claims against Carson/SFI and ALLTEL pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted. The district court denied Harrod's motion for summary judgment, and dismissed the claims against UUNET for lack of venue.

This court reviews de novo the dismissal of a claim pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim. *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir.1996). Dismissal of a complaint for failure to state a claim on which relief may be granted is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Id.* A district court's determination of whether a plaintiff has filed an action in the proper venue is a question of law subject to de

novo review. *First of Mich. Corp. v. Bramlet*, 141 F.3d 260, 262 (6th Cir.1998).

Upon review, we conclude that the district court did not err.

Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 34(j)(2)(C), for the reasons set forth in the district court's well-reasoned and comprehensive memorandum opinion and order of June 11, 2001. All outstanding motions are hereby denied.