**D.G. SWEIGERT, Plaintiff–Appellant,**

v.

**CONTROL DATA SYSTEMS, INCORPORATED, a/k/a Syntegra, Inc.; Randall Barker; David Simondet, Defendants–Appellees.**

No. 01–6345.

United States Court of Appeals, Sixth Circuit.

Aug. 2, 2002.

Before: SILER, COLE, and CLAY, Circuit Judges.

*ORDER*

D.G. Sweigert, a pro se Indiana resident, appeals a district court judgment dismissing without prejudice his civil rights complaint filed pursuant to the False Claims Act, 31 U.S.C. § 3730. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary relief, Sweigert sued multiple corporations and their employees contending that he was improperly fired from his job in 1994. The district court dismissed the case pursuant to Fed. R.Civ.P. 12(b)(3) for lack of venue. A timely motion for reconsideration filed under Fed.R.Civ.P. 59 and a request to transfer the case were subsequently denied.

On appeal, Sweigert argues that the district court should not have dismissed his complaint for lack of venue; that the case should have been dismissed for lack of subject matter jurisdiction; that his amended complaint, which alleged a conspiracy under 42 U.S.C. § 1985, was ignored; and that the district court erred by evaluating the facts and merits of his case.

The district court's judgment is reviewed for an abuse of discretion. *See Lipcon v. Underwriters at Lloyd's, London*, 148 F.3d 1285, 1290 (11th Cir.1998); *Home Ins. Co. v. Thomas Indus., Inc.*, 896 F.2d 1352, 1355 (11th Cir.1990).

Sweigert alleged that from January 1, 1994, until April 8, 1994, he was employed as a consultant by Techaid, an engineering firm, and was assigned to Control Data Systems, Inc., a defense contractor, at Control's Ohio facility. Randy Baker was Sweigert's supervisor. Baker learned that Sweigert was prosecuting two law suits as a whistle blower. Sweigert thought Baker became "suspicious" of him so Sweigert was transferred to North Carolina. On or about April 8, 1994, Sweigert was informed by Techaid that his employment was terminated.

At an undisclosed time, Sweigert obtained a copy of his security background investigation for the United States Department of Defense, Securities Services located in Baltimore, Maryland. That report showed that on April 10, 1994, the Department of Defense interviewed a control data systems officer about Sweigert and received unfavorable information about him. Immediately after Sweigert's termination, Control Data also had a private investigation firm conduct a background investigation and credit check on Sweigert for which Sweigert had never given permission.

The district court noted that Sweigert's allegations had been previously filed in the United States District Court of Maryland.

That action was dismissed without prejudice on May 18, 2000, because Sweigert had failed to effectuate service or process upon the defendants.

The district court did not abuse its discretion in dismissing the case for lack of venue. As the district court noted, the events giving rise to Sweigert's complaint occurred in Maryland, Ohio, North Carolina, and other undisclosed locations. Sweigert does not allege that any event or omission took place in Kentucky. Venue is proper in a judicial district in which a substantial part of the events giving rise to the claim arose. *First of Mich. Corp. v. Bramlet*, 141 F.3d 260, 263 (6th Cir.1998). Sweigert did not allege that any of the alleged events were committed within the Eastern District of Kentucky. Therefore, the district court properly dismissed the complaint without prejudice under Rule 12(b)(3). *Id.*

Sweigert asserts that the district court ignored his § 1985 allegation and improperly evaluated the facts of his case. However, Sweigert's allegations establish that the district court in the Eastern District of Kentucky was not the proper venue for his case. Thus, the district court would not have evaluated the facts of the case or the merits of Sweigert's § 1985 claim. The arguments are meritless.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.