**240**

**Glenn T. HAMPTON, Plaintiff–Appellant,**

v.

**Kenneth Pat GREGORY, et al., Defendants,**

**Merrill, Lynch & Company, Defendant–Appellee.**

No. 02–3455.

United States Court of Appeals, Sixth Circuit.

Feb. 7, 2003.

Before BOGGS and NORRIS, Circuit Judges; and BELL, Chief District Judge.*

*ORDER*

Glenn T. Hampton, a pro se Ohio resident, appeals a district court order dismissing his civil rights action filed pursuant to 42 U.S.C. § 1983, multiple federal statutes, and multiple constitutional provisions. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary relief, Hampton sued a plethora of individuals and corporations. The complaint concerned the 1990 death of his wife and the settlement of her estate.

The allegations referred to events which occurred years ago in Louisiana and Texas. The district court subsequently dismissed the complaint, concluding that it lacked venue over the proceedings.

In his timely appeal, Hampton states that his ill health prevents him from litigating his case in the Fifth Circuit. Given his poor health, he asserts that the district court should have exercised its discretion and accepted venue over the case.

The district court's order is reviewed for an abuse of discretion. *See First of Mich. Corp. v. Bramlet,* 141 F.3d 260, 262 (6th Cir.1998).

The district court properly dismissed the complaint for lack of venue. Venue is proper in a judicial district in which a "substantial part of the events giving rise to the claim arose." *Id.* at 263; *see* 28 U.S.C. § 1391(a)(2). Hampton does not claim that any event, act, or action which forms the basis of his complaint occurred in the Northern District of Ohio. To the contrary, the events in question occurred in Louisiana and Texas. Hampton's only reason for filing his case in the Northern District of Ohio is based on his health. This reason does not satisfy the requirements of § 1391(a)(2). Therefore, the district court did not abuse its discretion in dismissing the complaint for lack of venue.

Accordingly, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.

---

* The Honorable Robert Holmes Bell, United States Chief District Judge for the Western District of Michigan, sitting by designation.