**Gregory MILES, Plaintiff–Appellant,**

v.

**MIRRORBALL, INC. & Cook County, Illinois, Defendants–Appellees.**

No. 02–3710.

United States Court of Appeals, Seventh Circuit.

Submitted April 28, 2003.*

Decided May 22, 2003.

Before FAIRCHILD, BAUER, and KANNE, Circuit Judges.

ORDER

Gregory Miles brought suit against Mirrorball, Inc. and several other defendants, alleging that he had been defamed, battered, and subjected to racial discrimination after a series of rather unusual events. Mirrorball operates "Boogie Nights," a dance club in Schaumburg, Illinois, that Miles describes as "the hottest night club in the town." Dave Fogel, a Chicago disc jockey, occasionally broadcasts live from the club. Miles says that in 1999 he patronized Boogie Nights, where he became a "favorite male dancer" because of his "very crazy dance moves not like a regular

---

* We granted appellee Cook County's motion for noninvolvement and dismissed the appeal as to appellees WTMX Radio Network, Dave Fogel, and the City of Chicago. We have altered the caption accordingly. After examining the appellant's brief, the brief of appellee Mirrorball, Inc., and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a)(2).

male dancer." As a result of his dancing skills, Miles believes, disc jockey Fogel "slandered" him on the radio and later made a "false complaint" about him to Chicago police. The complaint led to Miles's detention at the Cook County Jail, where he allegedly was injected with drugs designed "to cause mental illness." Miles says that he then was placed involuntarily in a psychiatric ward at Cermak Medical Center, where another mental patient attacked him.

Miles previously made the same allegations in a federal suit brought in the Eastern District of Michigan, which was dismissed without prejudice for lack of personal jurisdiction and because venue was proper elsewhere. *Miles v. Chicago Police Dep't*, No. 00–CV–72782–DT, 2000 WL 1279191, at *5 (E.D.Mich. Aug.21, 2000), *aff'd*, 15 Fed.Appx. 213, 214–15 (6th Cir.2001) (unpublished). Miles then brought this case in the Northern District of Illinois in January 2002. Mirrorball waived service of process and moved for summary judgment, and the remaining defendants appeared specially to contest service. The district court granted Mirrorball's summary judgment motion and a month later dismissed the remaining defendants for improper service. That same day Miles filed a notice of appeal directed specifically at the grant of summary judgment for Mirrorball, which limits our review to the issues raised by that decision. *See Librizzi v. Children's Mem'l Med. Ctr.*, 134 F.3d 1302, 1306 (7th Cir.1998); *Chaka v. Lane*, 894 F.2d 923, 925 (7th Cir.1990).

Before coming to the merits, however, we must first consider jurisdiction. The district court determined that subject-matter jurisdiction arose under the diversity statute. *See* 28 U.S.C. § 1332. Mirrorball reiterates this conclusion in the jurisdictional portion of its brief, but it is incorrect. Miles alleged in his amended complaint that he "resides" in Michigan, that the defendants conduct business in Illinois, and that the amount in controversy exceeds $75,000. These allegations are insufficient because it is *citizenship* (meaning domicile)–not residence–that matters for purposes of § 1332. *E.g., Meyerson v. Harrah's E. Chicago Casino*, 299 F.3d 616, 617 (7th Cir.2002) (per curiam).

Nonetheless, Miles also asserted in his amended complaint that he was discriminated against on account of his race in violation of several federal statutes, including 42 U.S.C. § 1983. True, Mirrorball does not appear to have acted under "color of law" (it is a private corporation). But we and several other courts have held that under the approach established in *Bell v. Hood*, 327 U.S. 678, 681–83, 66 S.Ct. 773, 90 L.Ed. 939 (1946), lack of state action does not deprive the district court of jurisdiction over a § 1983 claim; it simply means that the plaintiff has failed to state a claim for which relief can be granted. *Malak v. Associated Physicians, Inc.*, 784 F.2d 277, 279–80 (7th Cir.1986); *Monsky v. Moraghan*, 127 F.3d 243, 245 (2d Cir. 1997) (collecting cases). So the district court had subject-matter jurisdiction under 28 U.S.C. § 1331.

There is also a question about appellate jurisdiction. The problem is that the notice of appeal from the grant of summary judgment for Mirrorball was filed on the same day that the district court dismissed the remaining defendants for lack of proper service. We cannot tell from the record whether Miles filed the notice of appeal before or after the district court announced its final decision. If Miles acted first, then his notice of appeal potentially came too early because the district court had yet to finish the case with respect to the remaining defendants. *See FirsTier Mortg. Co. v. Investors Mortg. Ins. Co.*,

498 U.S. 269, 276, 111 S.Ct. 648, 112 L.Ed.2d 743 (1991).

Several circuits have concluded that such a sequence does not necessarily pose a jurisdictional barrier. These cases hold that a premature notice of appeal is still effective if the district court disposes of the leftover claims before the appellate court considers the case on the merits. *See Ruiz v. McDonnell*, 299 F.3d 1173, 1179 (10th Cir.2002); *Smith v. Half Hollow Hills Cent. Sch. Dist.*, 298 F.3d 168, 172 (2d Cir.2002); *Lazy Oil Co. v. Witco Corp.*, 166 F.3d 581, 585–86 (3d Cir.1999). We need not decide, however, whether to apply this rule here. The jurisdictional question is academic because the appeal must be dismissed for another reason: Miles has not presented any intelligible arguments for us to consider.

Miles does not address the district court's resolution of his claims against Mirrorball (nor does he tackle any of the jurisdictional issues that we have been discussing). Instead of explaining why summary judgment was improper, Miles simply complains about our granting Mirrorball an extension of time to file a response brief and then discusses irrelevancies such as "the Long–Arm Statute." Pro se filings of course receive a liberal construction. But as we have frequently explained, we are not required to think up and research legal arguments for litigants who proceed without counsel. *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001); *Mathis v. New York Life Ins. Co.*, 133 F.3d 546, 548 (7th Cir.1998) (per curiam). Miles needed to provide an understandable theory why the district court improperly granted summary judgment, *Anderson*, 241 F.3d at 545; *Verdone v. Circuit Court for Taylor County*, 73 F.3d 669, 673 (7th Cir.1995), and he has not

done so. His appeal therefore is dismissed for lack of a proper brief.

DISMISSED.