**GLENDORA, Plaintiff–Appellant,**

v.

**Charles F. DOLAN, et al., Defendants–Appellees.**

No. 03–3114.

United States Court of Appeals, Sixth Circuit.

July 29, 2003.

Before KENNEDY, GILMAN, and GIBBONS, Circuit Judges.

*ORDER*

Glendora, a pro se New York resident, appeals a district court order dismissing her civil action filed pursuant to the Cable Communications Policy Act of 1984 and the Cable Television Consumer Protection and Competition Act of 1992, as well as several New York statutes. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Glendora sued a plethora of individuals and corporations. As none of the specific events and omissions which Glendora complained of in her 242 page complaint occurred in Ohio and none of the parties were located in Ohio, the district court dismissed the complaint for improper venue.

In her timely appeal, Glendora's incoherent brief appears to argue the merits of her complaint. She does not establish how venue for her action was in the Northern District of Ohio.

The district court's order is reviewed for an abuse of discretion. *See First of Mich. Corp. v. Bramlet*, 141 F.3d 260, 262 (6th Cir.1998).

The district court properly dismissed the complaint for improper venue. Venue is proper in a judicial district in which a "substantial part of the events giving rise to the claim arose." *Id.* at 263; *see* 28 U.S.C. § 1391(a)(2). Glendora does not claim that any event, act, or action which forms the basis of her complaint occurred in the Northern District of Ohio. To the

---

contrary, the events in question occurred in New York and none of the parties are located in Ohio. Therefore, the district court did not err in dismissing the complaint.

Accordingly, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.